UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TAMMY HENSLEY, <br> BRANDON HENSLEY, <br><br> Plaintiffs, <br><br> vs. <br><br> DOLGENCORP, INC., <br><br> Defendant. | 1:14-cv-00435-SEB-DKL |

**ORDER DENYING PLAINTIFFS' MOTION TO REMAND [DKT. NO. 8]**

Plaintiffs filed a Motion to Remand [Dkt. No. 8] on the basis that "[a]t the present time, there is no evidence that the amount in controversy in the case at bar exceeds $75,000 other than the allegations set forth by Defendant [in its removal papers] and, thus, the allegations that the amount in controversy in the case at bar exceeds $75,000 is [sic] pure speculation." [*Id.* at ¶ 4 (citations omitted).] Plaintiffs, as the masters of their claim, are in the best position to know (or at least estimate) the amount in controversy. They cannot secure a remand to state court by claiming ignorance of their damages in an attempt to undermine Defendant's good-faith estimate of the litigation stakes.

For a federal court to assert jurisdiction under the diversity statute, 28 U.S.C. § 1332, the amount in controversy must exceed $75,000 exclusive of interests and costs. The amount in controversy is the amount required to satisfy the Plaintiffs' demands in full on the day the suit was removed. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510-11 (7th Cir. 2006); *Resnick v. Gibralter Fin. Corp.*, No. 1:12-cv-1096-JMS-MJD, 2012 WL 4358841,

at *1 (S.D. Ind. Sept. 21, 2012). The proponent of federal jurisdiction has the "initial burden of establishing by a *preponderance of the evidence* facts that *suggest* the jurisdictional amount has been satisfied." *Carroll v. Stryker Corp.*, 658 F.3d 675, 680 (7th Cir. 2011) (emphasis added) (requirement that proponent must "prove" to a "reasonable probability" was retracted by the Seventh Circuit). The Seventh Circuit has recognized that this is "easier said than done when the plaintiff, the master of the complaint, does not want to be in federal court and provides little information about the value of her claims. In such a case, a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana*, 472 F.3d at 510-11 (citing *Rubel v. Pfizer, Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004)).[1] "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 553 (2014). That is the case here. Plaintiffs criticize the Defendant's good-faith estimate of the amount in controversy, but do not offer any differing valuation of their claims. Indeed, Plaintiffs take the position that they do not know the value of their claims.

"The starting point for determining the amount in controversy is the face of the complaint." *Greisl v. State Farm Mut. Auto. Ins. Co.*, No. 1:13-cv-01006-TWP-TAB, 2013

---

[1] Plaintiffs' suggestion that a wait-and-see approach is prudent here is a non-starter. Plaintiffs are correct that the parties can file more than one removal motion if and when the circumstances change to warrant removal. [Dkt. No. 8 at ¶ 3, n.1.] Ignoring for the moment that Defendant sets forth the requisite basis for removal now, the freedom to file more than one removal motion exists only during the first year of the case. This case was filed on March 19, 2014, and thus a wait-and-see option is extremely limited.

WL 6622922, at *1 (S.D. Ind. Dec. 16, 2013). Here, Plaintiffs seek compensation for past and future salary, overtime wages, bonuses, fringe benefits, and retirement as well as damages for emotional distress and punitive damages as a result of the alleged retaliatory discharge of Mrs. Hensley. [Dkt. No. 1-1 at ¶¶ 8, 10-11.] Plaintiffs allege in their Complaint that Ms. Hensley was earning $19,000 per year at the time of the termination of her employment (May, 2013). Based on that allegation, Defendant estimates back pay between the date of termination and the filing of the Complaint at approximately $16,000. [Dkt. No. 9 at 3.] Defendant estimates the value of Plaintiffs' emotional damages at $30,000, based on an affirmed verdict in a reported retaliatory discharge case. [*Id.* (citing *Travis v. Gary Cmty. Mental Health Ctr., Inc.*, 921 F.2d 108, 111 (7th Cir. 1990) (affirming $35,000 in emotional distress damages)).] With respect to Plaintiffs' punitive damages demand (which can be included in the amount in controversy calculation),[2] Indiana allows up to three times the amount of the compensatory award or $50,000, whichever is greater, in punitive damages. Ind. Code § 34-51-3-4.[3]

These three categories of damages – lost wages, emotional distress, and punitive damages based on lost wages and emotional distress – are an estimated total of $106,000 ($16,000 plus $30,000 multiplied by 3). This total does not consider any of the other five

---

[2] *See Resnick*, 2012 WL 4358841, at *2 ("Punitive damages can satisfy the minimum amount in controversy required for diversity jurisdiction if they are recoverable under state law.") (citation omitted).

[3] Defendant argues that attorney's fees can be considered for jurisdictional purposes and thus includes estimated attorney's fees in its amount-in-controversy calculation. But, as Plaintiffs set forth in their Reply, they have not demanded attorney's fees in this case. [Dkt. No. 10 at ¶ 3, n.1.]

3

categories of damages sought by Plaintiffs (future salary, overtime wages, bonuses, fringe benefits, and retirement damages). Plaintiffs do not refute these estimates, but instead repeat their arguments that no *evidence* has been provided for these damages and that Defendant's estimate is "pure speculation." [Dkt. No. 9; Dkt. No. 10 at ¶ 1.] The standard, however, is that Defendant show by *preponderance of the evidence* facts that *suggest* the jurisdictional amount has been satisfied. Defendant has done this.

A simple way for Plaintiffs to ensure the case is remanded to state court is to stipulate that their claim seeks less than $75,000. *Oshana*, 472 F.3d at 511 ("If Oshana really wanted to prevent removal, she should have stipulated to damages not exceeding the $75,000 jurisdictional limit."); *Workman v. United Parcel Serv., Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000) ("[Plaintiff] can avoid that fate [to litigate in federal court], in a case in which only monetary relief is sought, simply by stipulating that he is not seeking and will neither demand nor accept any recovery in excess of $75,000 exclusive of costs and interest.") (citing *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992)). Plaintiffs do not do this.

Instead, Plaintiffs cite to *Peeler v. MCI WorldCom, Inc.* where the *plaintiff* (not defendant) failed to establish diversity jurisdiction. No. 1:01-cv-983-RLY-TAB, 2007 U.S. Dist. LEXIS 66769, at *7-8 (S.D. Ind. Sept. 6, 2007). In *Peeler*, plaintiff's basis for jurisdiction was a six-year old affidavit of an employee that did not establish personal knowledge of the company's potential financial loss. *Id.* at 6-7. *Peeler* is not a persuasive corollary to the facts before us. Here, Defendant is in the challenging position of being the defensive party, required to accept Plaintiffs' barebones allegations in the Complaint to

4

estimate the amount of potential damages at issue. Defendant has utilized Plaintiffs' allegations to establish a reasonable estimate of the amount in controversy that exceeds $75,000.

Plaintiffs cite a variety of cases where an agreement, stipulation, or admission established the amount in controversy. [*See* Dkt. No. 8 at ¶ 4 (citing *Carroll*, 658 F.3d at 681-82 (plaintiff's settlement demand illustrated the amount in controversy); *Reid v. Kohl's Dep't Stores, Inc.*, 545 F.3d 479, 481, n.1 (7th Cir. 2008) (a request for admission response provided prior to removal established the amount in controversy exceed $75,000); *Andrews v. E.I. du Pont de Nemours & Co.*, 447 F.3d 510, 514-515 (7th Cir. 2006) (counsel discussions, complaint allegations, and the fact that plaintiff did not challenge defendant's estimate of potential damage lead the Seventh Circuit to conclude the amount in controversy was met); *Huffman v. Dick's Sporting Goods, Inc.*, No. 1:06-cv-0959-JDT-TAB, 2006 WL 2228959, at *1-2 (S.D. Ind. Aug. 2, 2006) (discussing means of establishing the amount in controversy such as admissions, settlement demands, "other evidence," and stipulations to find federal jurisdiction existed despite a vague post-removal stipulation from plaintiffs that the claims "do not exceed $75,000")).] These cases do not create a steadfast prerequisite to establishing the amount in controversy. Instead, these cases provide examples of methods through which the jurisdictional amount was and can be suggested by a preponderance of the evidence. Here, Plaintiffs have not stipulated to the amount in controversy, no settlement demand has been provided to the court, and no evidence of counsels' communications has been produced. Like in *Andrews*, Defendant has set forth a reasonable estimate of the potential damages based on the allegations of the

Complaint and the statutorily-available remedies. Plaintiffs have not challenged or disputed these estimates. Defendant has satisfied its burden.

"Once the defendant in a removal case has established the requisite amount in controversy, the plaintiff can defeat jurisdiction only if 'it appears to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Oshana*, 472 F.3d at 511. (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)); *Resnick*, 2012 WL 4358841, at *2 ("Only if it is legally certain that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor may the case be [remanded]."). Plaintiffs here agree that "'the estimate of the dispute's stakes advanced by the proponent of federal jurisdiction controls unless a recovery that large is legally impossible.'" [Dkt. No. 8 at ¶ 3 (citing *Carroll*, 658 F.3d at 680-81) ("District courts should not get bogged down at the time of removal in evaluating claims on the merits to determine if jurisdiction exists."))].] Defendant has set forth a good-faith estimate of the amount in controversy and the Plaintiffs have not established to a legal certainty that their claims are for an amount less than $75,000 (nor have they agreed that their claims are for more than $75,000). Plaintiffs have not shown that Defendant's estimate is "legally impossible." We find that the amount in controversy based on Plaintiffs' Complaint exceeds $75,000 and that subject matter jurisdiction exists over Plaintiffs' claims.

In lieu of denying their motion, Plaintiffs request that we:

order all of the parties to meet and confer, and conduct whatever investigation necessary, to determine whether this Court has diversity jurisdiction on the basis they agree that the amount in controversy exceeds

> $75,000 . . . and file a joint jurisdictional statement by a certain date setting forth whether they agree that the amount in controversy exceeds $75,000 . . . or, if the parties cannot agree on the amount in controversy, any party who disagrees shall file a separate jurisdictional statement by a certain date setting forth its view regarding the amount in controversy.

[Dkt. No. 8 at 3-4 (citations omitted).] Plaintiffs' request is wholly unnecessary. "Lawyers have a professional obligation to analyze subject-matter jurisdiction before judges need to question the allegations." *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). Plaintiffs know the Defendant's position on the amount in controversy – that it exceeds $75,000. Plaintiffs, by their own admission, "cannot offer any 'calculation of their alleged recoverable damages'" [Dkt. No. 10 at ¶ 3], and thus, cannot demonstrate that it is a legal certainty that the claim is for less than $75,000. We see little utility in a court-mandated meet and confer on this issue. Further, a court order is not necessary for counsel to pick up the phone and discuss the stakes of this litigation – particularly if a party believes such communication would obviate the need for resource-consuming motions.

For the foregoing reasons, we DENY Plaintiffs' Motion to Remand [Dkt. No. 8]. We find that a preponderance of the evidence supports a finding that the jurisdictional amount has been satisfied for diversity jurisdiction.

03/13/2015

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Amanda C. Couture
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
amanda.couture@ogletreedeakins.com

Brian D. Burbrink
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
brian.burbrink@odnss.com

R. Robert Yeager
YEAGER GOOD & BALDWIN
bob@yeagerbaldwin.com